# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RONY METELLUS,<br>    Defendant. | CR. No. 14-cr-103-M-PAS |

## ORDER

Rony Metellus is charged with arson of a building and wire fraud. (ECF No. 1). He has filed six pre-trial motions – two Motions in Limine and four Motions to Suppress. The Court will deal with each seriatim.

1. <u>Motion in Limine to Identify Confidential Informants</u> (ECF No. 24): In this motion, Mr. Metellus has three requests of the Government: (i) to identify all confidential informants; (ii) to disclose any rough notes or statements taken from any informants or other witnesses interviewed; and (iii) to disclose any rewards, inducements, and promises made to Mr. Metellus' girlfriend Germina Guillaume.

    i.    In the first place, it is unclear whether there is any confidential informant in this case. If Mr. Metellus is alleging that Ms. Guillaume is the confidential informant, she is not "confidential" as her identity is known. Secondly, "when the government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety. [United States v.] *Hemmer,* 729 F.2d [10], 15 [1st Cir. 1984]; *United States v. Estrella,* 567 F.2d 1151, 1153 (1st Cir.1977). Mere speculation as to the

usefulness of the informant's testimony, it must be emphasized, is insufficient to justify disclosure of his or her identity, so defendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses. *United States v. Giry,* 818 F.2d 120, 130 (1st Cir.1987); *Hemmer,* 729 F.2d at 15. *** In sum, we believe we fairly state the point when we say that the privilege need only give way when disclosure of the informant's identity would be vital to a fair trial." *United States v. Martinez,* 922 F.2d 914, 920-21 (1st Cir. 1991).

Even if there were a confidential informant, there is no evidence that this is an exceptional case or that revealing his/her identity is vital to a fair trial. The first request is denied.

ii. The Government's obligation to produce statements of witnesses or notes from interviews with witnesses is governed by the Jencks Act (18 U.S.C. § 3500) and Rule 26.2 of the Federal Rules of Criminal Procedure. It is assumed the Government will timely comply with those obligations, in addition to its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963) and *United States v. Giglio,* 405 U.S. 150 (1972). There is nothing before the Court that establishes a violation of these rules. The second request is denied at this time.

iii. The third request is granted, as it relates to Ms. Guillaume. The Government shall timely disclose any rewards, inducements, or promises made to Ms. Guillaume, including but not limited to any help with immigration, assistance with an apartment, assistance with obtaining an EBT card/welfare, or any other financial assistance provided to Ms. Guillaume by the Government.

ECF No. 24 is DENIED IN PART AND GRANTED IN PART as described above.

2. <u>Motion in Limine to Exclude Evidence of Other Crimes</u> (ECF No. 25): Mr. Metellus seeks a pre-trial order from the Court prohibiting the Government from referring to "other crimes or bad acts" by Mr. Metellus including any "indebtedness, past child support owed in New Jersey, or any other fraud or credit card related bad acts." (ECF No. 25 at 1). Evidence of Mr. Metellus' indebtedness is relevant to motive and is therefore admissible. See, e.g., *United States v. Decicco*, 370 F.3d 206 (1st Cir, 2004); *United States v. Patel*, 370 F.3d 108 (1st Cir. 2004). If Mr. Metellus wants a cautionary instruction to the jury when this evidence is admitted, he should request it at the time. Because of the potential for prejudice to Mr. Metellus on the admission of indebtedness for child support, the Court will require that this indebtedness be introduced without reference to the fact that it arises from a failure to pay child support.[1] ECF No. 25 is DENIED.

3. <u>Motion to Suppress Video Surveillance from 336 Admiral Street</u> (ECF No. 28): Mr. Metellus asks the Court to suppress the video recording from the night of the fire taken from a neighbor's home security system, claiming that there is not sufficient evidence of its authenticity. The Court disagrees. Based on the testimony of the homeowner given to the grand jury (ECF No. 32-2), the Court is satisfied that the "evidence is sufficient to allow a reasonable person to believe the evidence is what it purports to be." *United States v. Perez-Gonzalez*, 445 F.3d 39, 47 (1st Cir. 2006). The jury can determine what weight, if any, to give the video in light of the facts presented to them about the time stamp on the video and the testimony concerning known points in time on the video. ECF No. 28 IS DENIED.

---

[1] Mr. Metellus also asks the Court to prohibit the introduction of "any other fraud or credit card related bad acts." (ECF No. 25). The Court does not make any ruling with regard to these matters at this time because the request lacks any degree of specificity that would be needed in order to determine if such evidence were admissible.

3

4. <u>Motion to Suppress Identification</u> (ECF No. 29): The Government intends to ask Ms. Guillaume to identify the person in the home security video.[2] It is anticipated that she will identify the person in the video as Mr. Metellus.

There is a factual basis for Ms. Guillaume's identification of the person in the video. Rule 701 of the Federal Rules of Evidence controls the admissibility of the testimony of Ms. Guillaume. It provides "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue . . . ." Clearly, Ms. Guillaume's perception of Mr. Metellus' appearance, as well as his gait and other physical characteristics has a basis in fact that could be helpful to the jury in determining whether the person in the video is Mr. Metellus – a key factual issue in this case. She is competent to view the video and testify about her perception and whether she can identify that person based on her extensive past dealings and relationship with Mr. Metellus. ECF No. 29 is DENIED.

5. <u>Motion to Suppress Recorded Phone Calls (ECF No. 30)</u>: Mr. Metellus seeks to suppress recorded telephone conversations he had with his girlfriend Ms. Guillaume claiming that she was acting on behalf of the Government when the calls were made.

Mr. Metellus had consented to the monitoring of his phone calls from prison and prior to each call, the participants were again informed that the calls were being monitored. There is no evidence that Ms. Guillaume was acting at the direction of the government or that she was a

---

[2] Mr. Metellus does not mention the Government's intent also to have Inspector Sean Reddy identify Mr. Metellus as the person in the video. (ECF No. 16 at 27). However, an identification by Inspector Reddy, who has seen Mr. Metellus only a few times, to compare the person in the video to Mr. Metellus himself and say, "they're the same person" should not be allowed. The testimony of Inspector Reddy as a layperson, who has seen Mr. Metellus just a few times, would not be helpful to the jury and would be no better than the jury making such a comparison of the video and Mr. Metellus itself from their observation of him in the courtroom.

4

Government agent, or that the Government deliberately elicited the statement made by Mr. Metellus. ECF No. 30 is DENIED.

6. <u>Motion to Suppress Statements made by the Defendant on July 23, 2014 (at the scene) and July 25, 2014 (at the police station) (ECF No. 31)</u>: Mr. Metellus seeks to suppress two statements he made (i) in the early morning hours of July 23, 2014 at the scene of the apartment fire; and (ii) two days later at the Providence Police station. In addition, he seeks to suppress, as fruits of a poisonous tree, (iii) the evidence seized in connection with a search warrant that he alleges relied for its probable cause on statements made at the Providence Police station.

    i. Because Mr. Metellus was not in custody or deprived of his freedom of action in any way while standing in the street at the scene of the fire, there was no obligation to give him *Miranda* warning and therefore any statements he made at the scene are admissible.

    ii. There appear to be factual issues that should be developed and resolved on the issue of whether Mr. Metellus was in custody or deprived of his freedom of actions in a significant way while he was being questioned at the Providence Police station on July 25, 2014. Therefore, the Court will not rule at this time on this aspect of the motion (ECF No. 31) but rather will conduct an evidentiary hearing on this issue.

    iii. The Court defers Mr. Metellus' motion to suppress all evidence seized in the warranted searches of 77 Marietta Street and 524-26 Charles Street until the Court rules on the motions to suppress statements he made at the Providence Police station.

## CONCLUSION

Defendant's Motion in Limine (ECF No. 24) is DENIED IN PART AND GRANTED IN PART; Defendant's Motion in Limine (ECF No. 25) is DENIED; Defendant's Motion to Suppress (ECF No. 28) is DENIED; Defendant's Motion to Suppress (ECF No. 29) is DENIED;

Defendant's Motion to Suppress (ECF No. 30) is DENIED; and Defendant's Motion to Suppress his interview at the Providence Police station (ECF No. 31) is not ruled upon at this time pending an evidentiary hearing.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

May 1, 2015