UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>v.<br><br>RONY METELLUS,<br>       Defendant. | CR. No. 14-cr-103-M-PAS |

MEMORANDUM & ORDER

Rony Metellus, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his forty-two month prison sentence. (ECF No. 62). Mr. Metellus asks the Court to vacate his sentence due to ineffective assistance of counsel and the involuntariness of his guilty plea. The Court finds no merit to Mr. Metellus' writ and thus, DISMISSES his petition. The requested evidentiary hearing is not required because his petition is conclusively refuted by the record.[1]

I.  Facts

On August 3, 2015, Mr. Metellus pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. His plea was made pursuant to a negotiated plea

---

[1] The Court may properly deny an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. When the Court dismisses a § 2255 claim without holding a hearing, allegations of fact in the petition are taken as true "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002). Moreover, "if the claim is based upon facts with which the trial court, through review of the record or observation at trial, is familiar, the court may make findings without an additional hearing . . . ." *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).

agreement, in which he waived his right to plead not guilty and his right to a jury trial. (ECF No. 55). Mr. Metellus also waived his right to appeal the conviction and sentence if the Court imposed a sentence of forty-two months. (*Id.*). Mr. Metellus was represented by able counsel throughout this process. On January 6, 2015, this Court sentenced Mr. Metellus to forty-two months imprisonment, to be followed by three years of supervised release. (ECF No. 60). Thereafter, Mr. Metellus timely filed the instant motion to vacate. (ECF No. 62). The government has opposed Mr. Metellus' motion. (ECF No. 67).

II. Analysis

In his § 2255 motion, Mr. Metellus first asserts that his counsel failed to (1) properly advise him as to the sentence he faced at trial, (2) investigate, (3) locate witnesses, (4) file pretrial motions, and (5) inform him of immigration and other consequences of his guilty plea. Second, Mr. Metellus, a non-native English speaker, asserts that his plea was involuntary because he did not understand the plea agreement proceedings.[2]

Section 2255 provides for post-conviction relief only if a petitioner was sentenced in violation of the Constitution, his sentence was imposed by a court that lacked jurisdiction, it exceeded the statutory maximum, or the sentence is otherwise

---

[2] Mr. Metellus claims that his rights to due process under the Fifth and Fourteenth Amendments were violated as a result of inadequate notice of the consequences of his plea agreement. He also claims that his Sixth Amendment right to confront witnesses was violated when he unknowingly and involuntarily gave up his right to proceed to trial. His Eighth Amendment claim is unclear because he fails to articulate a basis for it. The Court will dismiss all of these claims together as they stem from Mr. Metellus' ineffective assistance and involuntary plea grounds for relief.

subject to collateral attack. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). In attempting to collaterally attack his sentence, the petitioner bears the burden of demonstrating "exceptional circumstances" that warrant redress under § 2255. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980). For example, an error of law must constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474. Notably, "'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Wilkins v. United States*, 754 F.3d 24, 28 (1st Cir. 2014) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). Because Mr. Metellus' motion mainly stems from his grievances with his representation, the Court first turns to his ineffective assistance claim.

A. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel "must demonstrate that counsel's performance fell below an objective threshold of reasonable care and that this deficient performance prejudiced him." *United States v. Caramadre*, 807 F.3d 359, 371 (1st Cir. 2015); *see generally Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the petitioner cannot satisfy one part of the inquiry, the Court need not approach the other. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). "The burden is on the petitioner to demonstrate

3

ineffective assistance by a preponderance of the evidence." *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993). In the context of an attack on a plea agreement, the petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Caramadre*, 807 F.3d at 371. In the court's assessment of the petitioner's allegations, counsel is "'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Burt v. Titlow*, 134 S.Ct. 10, 17 (2013)).

The record conclusively refutes Mr. Metellus' ineffective assistance claims. His counsel provided diligent assistance that was at no point objectively unreasonable. Mr. Metellus was indicted on an arson charge under 18 U.S.C. § 844(i) and a wire fraud charge under 18 U.S.C. § 1343.[3] He faced a combined maximum sentence of sixty years imprisonment and a minimum sentence of seven years imprisonment. His counsel appropriately informed Mr. Metellus that, if convicted at trial, he faced a possible fifteen year sentence. After receiving discovery production, counsel for Mr. Metellus filed a series of pertinent pretrial motions and memoranda, including motions in limine and motions to suppress. (ECF Nos. 24, 25, 28, 29, 30, 31). As confirmed by the affidavit he filed in response to this motion, counsel investigated Mr. Metellus' case, became familiar with it, and negotiated a

---

[3] The arson charge under 18 U.S.C. § 844(i) was dropped, and was not included in the plea agreement. (ECF No. 55 at 1-2). Mr. Metellus was convicted of one count of wire fraud under 18 U.S.C. § 1343. (ECF No. 60).

4

reasonable plea agreement to which Mr. Metellus assented. (ECF No. 67-1). With the aid of an interpreter throughout, counsel for Mr. Metellus conferred with him regarding the indictment and the consequences of the plea agreement on his immigration status. (ECF No. 66 at 4-6, ECF 67-1 at 2). None of Mr. Metellus' grounds for relief reveals a fundamental defect in his sentence under § 2255 as a result of ineffective assistance of counsel.

B. Involuntariness

Next, Mr. Metellus seeks post-conviction relief because he asserts that his guilty plea was involuntary. In order to attack a plea agreement on grounds of involuntariness, a petitioner must show that his agreement was not knowing, voluntary, and intelligent under Federal Rule of Criminal Procedure 11. *See Wilkins*, 754 F.3d at 27. The plea colloquy addresses the "core concerns" of Rule 11, and is intended to ensure that a defendant who pleads guilty does so after communicating an understanding of the nature of the charge and the consequences of the plea to the Court. *See United States v. Kenney*, 756 F.3d 36, 45 (1st Cir. 2014). A guilty plea must be set aside only in the event of a "total failure to address one of Rule 11's core concerns" or if deficiencies in the colloquy "affected the defendant's 'substantial rights.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 5 (1st Cir. 1995) (quoting Fed. R. Crim. P. 11(h)). An examination of the Court's procedures for accepting a plea is "crucial in later determining whether the plea was truly understanding and voluntary." *United States v. Ruiz-del Valle*, 8 F.3d 98, 102 (1st Cir. 1993). In conducting an examination into the Rule 11 procedure, "a district

court's close relationship to the plea process affords it a superior coign of vantage . . . ." *United States v. Merritt*, 755 F.3d 6, 9 (1st Cir. 2014).

Reference to the record conclusively refutes the claim that Mr. Metellus' plea agreement was involuntary. The transcript shows that the Court, with the assistance of an interpreter, was assiduous in its plea colloquy procedure. (ECF No. 66). After informing Mr. Metellus that he could consult with counsel at any point during the colloquy, the Court questioned Mr. Metellus in order to ensure his competence, and afforded him time to review his indictment with his attorney and the interpreter. (*Id.* at 3-6). Mr. Metellus then confirmed that he was satisfied with his representation, assented to waive his rights to trial and appeal, and indicated that he understood that his immigration status would be affected by accepting a plea of guilty. (*Id.* at 6-7, 9-10). After hearing the government's recitation of the elements of the charge of wire fraud, and the facts supporting that charge, Mr. Metellus admitted that they were true. (*Id.* at 11-13). Finally, after confirming that he did not have any remaining questions for the Court or counsel, Mr. Metellus pled guilty. (*Id.* at 13). Mr. Metellus affirmed that he understood the charges brought against him and their basis in fact, the sentence he faced, and the rights that he waived. The hearing was devoid of procedural flaws, and it did not violate any of Rule 11's core concerns. Therefore, the Court finds again that Mr. Metellus' plea was knowing, voluntary, and intelligent under Rule 11. Accordingly, he has failed to reveal any fundamental defect under § 2255 because of involuntariness and his claim for relief fails.

III. Conclusion

Mr. Metellus' request for relief from his sentence under § 2255 (ECF No. 62) is DENIED and his petition is DISMISSED. He has failed to demonstrate a lack of jurisdiction, constitutional error, or fundamental error of law in sentencing for the one count to which he pled guilty.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 15, 2016